OPINION
{¶ 1} Defendant-appellant Pacific Insurance Company ("Pacific") appeals the December 20, 2002 Opinion and Judgment Entry entered by the Stark County Court of Common Pleas, which found plaintiffs-appellees Robert and Rebecca Oswald entitled to UM/UIM coverage under Pacific's excess liability policy.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 9, 2000, Rebecca Oswald was driving her automobile when the tortfeasor, Jamie Greathouse, rear-ended Ms. Oswald's vehicle. As a result, Oswald sustained serious injury, eventually undergoing disc surgery. Her medical expenses totaled just under $32,000.
 {¶ 3} On the date of the accident, Robert Oswald, Rebecca Oswald's husband, was an employee of the Timken Company ("Timken"). Timken was insured under a commercial automobile liability policy issued by American and Foreign Insurance Company ("AFIC"). The commercial auto policy provided $5 million "per occurrence" bodily injury liability coverage. Timken was also insured under a commercial umbrella policy issued by Federal Insurance Company ("Federal") with a liability limit of $50 million. Pacific issued to Timken an excess liability policy providing $10 million of coverage.
 {¶ 4} The Oswalds settled with and released the tortfeasor for the $12,500 limit of his liability policy. On May 5, 2002, the Oswalds filed a complaint for declaratory judgment against AFIC, Federal, Pacific, and other insurance carriers, seeking underinsured motorists coverage under the policies. The parties each filed separate motions for summary judgment. On December 20, 2002, the trial court granted summary judgment to the Oswalds and against AFIC, Federal and Pacific, finding the Oswalds were entitled to coverage under the policies issued by those companies.
 {¶ 5} It is from the trial court's December 20, 2002 Judgment Entry Pacific appeals, raising the following assignments of error:
 {¶ 6} "I. The Trial Court Erred In Granting Appellee's Motion For Summary Judgment Against Pacific Because The Pacific Policy Does Not Provide Ohio UM/UIM Coverage For Appellees.
 I {¶ 7} Pacific's sole assignment of error is sustained on the authority of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d ___,2003-Ohio-5849; and In Re Uninsured Underinsured Motorist CoverageCases, 100 Ohio St.3d ___, 2003-Ohio-5888.
 {¶ 8} The December 20, 2002 Judgment Entry of the Stark County Court of Common Pleas is reversed.